UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

'11  SEP 13  P3:12

UNITED STATES OF AMERICA

v.

NO. 5:11CR39-R

FILED
INDICTMENT DISTRICT COURT CLERK
WESTN DIST KENTUCKY

21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)
21 U.S.C. § 841(b)(1)(B)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 841(b)(1)(D)
21 U.S.C. § 846
21 U.S.C. § 853
18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 2

**ANTONIO DETREX WARE (Counts 1, 3, 4, 5, 6, 14, 20)**
**HERBERT LAMONTE FORTE (Counts 2, 3, 20)**
**GEREMY MONTRIEZ LONG (Counts 5, 6, 7, 8, 9, 10, 15, 16, 17, 20)**
**COREY TERRELL SIVILS (Counts 11, 12, 13, 14)**
**COLEMAN ANTHONY HENDERSON (Counts 15, 18, 19, 20)**

The Grand Jury charges:

## COUNT 1

On or about November 5, 2008, in the Western District of Kentucky, Christian County,

Kentucky, the defendant, **ANTONIO DETREX WARE**, did knowingly and intentionally

distribute and possess with intent to distribute a mixture and substance containing cocaine base,

commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United

States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 2

On or about September 22, 2009, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **HERBERT LAMONTE FORTE**, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance as defined in Title 21,United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 3

On or about October 16, 2009, in the Western District of Kentucky, Christian County, Kentucky, the defendants, **ANTONIO DETREX WARE** and **HERBERT LAMONTE FORTE**, each aided and abetted by the other, knowingly and intentionally distributed and possessed with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 4

On or about October 22, 2009, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **ANTONIO DETREX WARE**, did knowingly and intentionally distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).


The Grand Jury further charges:

## COUNT 5

On or about April 8, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendants, **ANTONIO DETREX WARE** and **GEREMY MONTRIEZ LONG**, each aided and abetted by the other, knowingly and intentionally distributed and possessed with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

-3-

The Grand Jury further charges:

## COUNT 6

On or about April 16, 2010, in the Western District of Kentucky, Christian County,

Kentucky, the defendants, **ANTONIO DETREX WARE** and **GEREMY MONTRIEZ LONG,**

each aided and abetted by the other, knowingly and intentionally distributed and possessed with

intent to distribute a mixture and substance containing a detectable amount of cocaine

hydrochloride, a Schedule II controlled substance as defined in Title 21, United States Code,

Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and

Title 18, United States Code, Section 2.


The Grand Jury further charges:

## COUNT 7

On or about April 16, 2010, in the Western District of Kentucky, Christian County,

Kentucky, the defendant, **GEREMY MONTRIEZ LONG,** did knowingly and intentionally

distribute and possess with intent to distribute a mixture and substance containing a detectable

amount of marijuana, a Schedule I controlled substance as defined in Title 21, United States

Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

-4-

The Grand Jury further charges:

## COUNT 8

On or about April 22, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **GEREMY MONTRIEZ LONG**, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

The Grand Jury further charges:

## COUNT 9

On or about April 22, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **GEREMY MONTRIEZ LONG**, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 10

On or about April 22, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **GEREMY MONTRIEZ LONG**, did knowingly and intentionally

-5-

distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 11

On or about June 11, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **COREY TERRELL SIVILS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 12

On or about June 23, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **COREY TERRELL SIVILS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

-6-

The Grand Jury further charges:

## COUNT 13

On or about July 1, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **COREY TERRELL SIVILS**, did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 14

On or about July 14, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendants, **ANTONIO DETREX WARE** and **COREY TERRELL SIVILS**, each aided and abetted by the other, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 15

On or about September 14, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendants, **COLEMAN ANTHONY HENDERSON** and **GEREMY MONTRIEZ LONG**, each aided and abetted by the other, knowingly and intentionally distributed and possessed with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

The Grand Jury further charges:

## COUNT 16

On or about October 15, 2010, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **GEREMY MONTRIEZ LONG**, did knowingly and intentionally distribute and possess with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

The Grand Jury further charges:

## COUNT 17

On or about December 1, 2010, in the Western District of Kentucky, Christian County,

Kentucky, the defendant, **GEREMY MONTRIEZ LONG**, having been previously convicted in

Christian Circuit Court, Hopkinsville, Kentucky, case number 98CR00502, of trafficking in a

controlled substance in the first degree, a crime punishable by imprisonment for a term exceeding

one year, knowingly possessed, in and affecting commerce, a firearm, to wit, a .40 caliber Hi-

point semiautomatic pistol, serial number 113857.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

## COUNT 18

On or about August 23, 2011, in the Western District of Kentucky, Christian County,

Kentucky, the defendant, **COLEMAN ANTHONY HENDERSON**, did knowingly and

intentionally distribute and possess with intent to distribute a mixture and substance containing

cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title

21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 19

On or about August 25, 2011, in the Western District of Kentucky, Christian County, Kentucky, the defendant, **COLEMAN ANTHONY HENDERSON,** did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 20

On or about and between November 5, 2008 and August 25, 2011, in the Western District of Kentucky and elsewhere, the defendants, **ANTONIO DETREX WARE, GEREMY MONTRIEZ LONG, HERBERT LAMONTE FORTE,** and **COLEMAN ANTHONY HENDERSON,** conspired and agreed, with each other and with other persons unknown to the Grand Jury, to possess with intent to distribute and to distribute 280 grams or more of a mixture and substance containing cocaine base, commonly known as "crack," a Schedule II controlled substance as defined in Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Sections 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

-10-

## NOTICE OF FORFEITURE

If convicted of any violation of Title 21, United States Code, Section 841(a)(1) or 846, the defendants, **ANTONIO DETREX WARE, GEREMY MONTRIEZ LONG, COREY TERRELL SIVILS, HERBERT LAMONTE FORTE,** and **COLEMAN ANTHONY HENDERSON,** shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

Pursuant to Title 21, United States Code, Section 853.


A TRUE BILL.



FOREPERSON



DAVID J. HALE
United States Attorney

DJH:LF:9/9/11

UNITED STATES OF AMERICA v. **ANTONIO DETREX WARE, et al.**

## P E N A L T I E S

Counts 1, 2, 6, 9, 10, 11, 12, 13, 14, 18, 19: NM 20 yrs./$1,000,000/both/NL 3 yrs. Supervised Release (each count)
(With prior felony drug conviction - NM 30 yrs./$2,000,000/both/NL 6 yrs. Supervised Release)

Counts 3, 4, 5, 15, 16: NL 5 yrs./NM 40 yrs./$2,000,000/both/NL 4 yrs. Supervised Release (each count)
(With prior felony drug conviction - NL 20 yrs./NM life/$4,000,000/both/NL 8 yrs. Supervised Release)

Counts 7, 8: NM 5 yrs./$250,000/both/NL 2 yrs. Supervised Release (each count)
(With prior felony drug conviction: NM 10 yrs./$500,000/both/NL 4 yrs. Supervised Release)

Count 17: NM 10 yrs./$250,000/both/NM 3 yrs. Supervised Release

Count 20: NL 10 yrs./$10,000,000/both/NL 5 yrs. Supervised Release
(With prior felony drug conviction - NL 20 yrs./$20,000,000/both/NL 10 yrs. Supervised Release)
(With two or more prior felony drug convictions - Mandatory life without release)

Forfeiture

## N O T I C E

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

|  |  |
|---|---|
| Misdemeanor: $ 25 per count/individual | Felony: $100 per count/individual |
| $125 per count/other | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

　　　1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

　　　　　For offenses occurring after December 12, 1987:

　　　　　No **INTEREST** will accrue on fines under $2,500.00.

　　　　　**INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

　　　　　**PENALTIES** of:

　　　　　10% of fine balance if payment more than 30 days late.

15% of fine balance if payment more than 90 days late.

2.     Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3.     Continuous **GARNISHMENT** may apply until your fine is paid.

If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

## RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

## APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1.     That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2.     Give bond for payment thereof.

18 U.S.C. § 3572(g)

## PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made <u>payable to the Clerk, U.S. District Court</u> and delivered to the appropriate division office listed below:

LOUISVILLE:          Clerk, U.S. District Court
106 Gene Snyder U.S. Courthouse
601 West Broadway
Louisville, KY  40202
502/625-3500

BOWLING GREEN:     Clerk, U.S. District Court
120 Federal Building
241 East Main Street
Bowling Green, KY  42101
270/393-2500

OWENSBORO:          Clerk, U.S. District Court
126 Federal Building
423 Frederica
Owensboro, KY  42301
270/689-4400

PADUCAH:             Clerk, U.S. District Court
127 Federal Building
501 Broadway
Paducah, KY  42001

FORM DBD-34
JUN 85

No. 5:11CR39-R

# UNITED STATES DISTRICT COURT
Western District of Kentucky
Paducah Division

## THE UNITED STATES OF AMERICA
vs.
ANTONIO DETREX WARE

HERBERT LAMONTE FORTE

GEREMY MONTRIEZ LONG

COREY TERRELL SIVILS

COLEMAN ANTHONY HENDERSON

## INDICTMENT

**Title 21 U.S.C. §§ 841(a)(1); 841(b)(1)(C);
841(b)(1)(B); 841(b)(1)(D); 846; 841(b)(1)(A);
Title 18 U.S.C. §§ 2; 922(g)(1); 924(a)(2):
Distribution and Possession with Intent to
Distribute Cocaine Base, Cocaine Hydrochloride
and Marijuana; Aiding and Abetting;
Conspiracy to Possess with Intent to Distribute
and Distribution of Cocaine Base; Felon in
Possession of a Firearm.**

*A true bill.*



*Foreman*

*Filed in open court this* 13th day, *of* September , A.D. 2011.

_____ *Clerk*

Bail, $

SEP 1 3 2011

VANESSA L. ARMSTRONG
BY
DEPUTY CLERK