## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**UNITED STATES OF AMERICA**

v.                                                                                    No. **5:11CR-39-R**

**ANTONIO DETREX WARE - 01**
         Defendant

## ARRAIGNMENT ORDER &
## RECIPROCAL ORDER OF DISCOVERY

This matter was called in open court on this date in order for the defendant to answer to the indictment filed herein. The defendant appeared in person in the custody of the United States Marshal and acknowledged receipt of a copy of the indictment. The United States was represented by A.U.S.A. David Sparks appearing for A.U.S.A. Larry E. Fentress. The Court advised the defendant of his rights pursuant to Rule 5 of the Federal Rules of Criminal Procedure and the defendant acknowledged that he understood those rights. The defendant requested appointed counsel as he was without sufficient financial resources with which to retain counsel. Upon questioning the defendant under oath and after considering the defendant's Financial Affidavit, the Court determined that the defendant qualified for counsel pursuant to 18 U.S.C. § 3006A. The defendant was advised of the nature of the offense with which he is charged and any minimum and maximum penalties provided by law. The defendant was advised that the Court would enter a plea of "not guilty" on his behalf to all counts in which he is charged. The United States moved for the defendant's detention pursuant to 18 U.S.C. § 3142, and a prompt detention hearing shall be scheduled by separate order.

It is therefore **ORDERED** that:

1. The Honorable Scott Wendelsdorf, federal defender, is appointed to represent the defendant pursuant to the Criminal Justice Act.

2. The Court entered a plea of "not guilty" on the defendant's behalf to counts 1, 3, 4, 5, 6, 14, and 20 of the indictment.

3. This matter is continued for a telephonic conference with chief district judge Thomas B. Russell on **October 21, 2011**, at **9:00 a.m. C.T.** for the sole purpose of establishing a trial date. The court shall place the conference call at the scheduled hour. Counsel shall notify the court if the conference call is to be received at a telephone other than counsel's telephone number which is on record with the court. If matters, other than the setting of a trial date, which would require a personal appearance by the defendant and counsel for the parties need to be addressed; the court should be notified as soon as possible.

4. The defendant is detained pending the scheduled detention hearing.

5. The Indictment and all related documents are **UNSEALED.**

It is further **ORDERED** that the parties proceed to give reciprocal discovery pursuant to the provisions of Fed. R. Crim. P. 16, and 18 U.S.C. § 3500, Jencks Act, subject to the limitations and conditions set forth therein, and including, not by way of limitations, the following:

## THE UNITED STATES

The United States shall permit the defendant to inspect and copy or photograph:

1. Any relevant written or recorded statements made by the defendant or copies thereof within the possession, custody or control of the United States, the existence of which is known or by the exercise of due diligence may become known to the United States Attorney;

2. The substance of any oral statement which the United States intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a Government agent;

3. Recorded testimony of the defendant before the Federal Grand Jury which relates to the offense charged;

4. Books, papers, documents, photographs, tangible objects, buildings or places or copies of portions thereof which are within the possession, custody, or control of the United States and which the United States intends to introduce as evidence in chief at the trial of this case;

5. Results of reports of physical or mental examinations and of scientific tests or experiments or copies thereof which are within the possession, custody, or control of the United States; the existence of which is known or by the exercise of due diligence may become known to the United States Attorney, and which the United States intends to introduce as evidence in chief at the trial of this case;

2

6.  Copy of the prior criminal record of the defendant, if any that is within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the United States; and

7.  Any tape recording made by the Government agents of any conversation with the defendant.


### THE DEFENDANT

The defendant shall provide the following information to the United States for the purpose of inspection, examination and photocopying:

1.  All books, papers, documents, photographs, tangible objects, or copies, or portions thereof, which are within the possession, custody, or control of the defendant, and which the defendant intends to introduce as evidence in chief at the trial in this case; and

2.  Any results or reports of mental examinations and of scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends to introduce as evidence in chief at the trial, or which were prepared by a witness whom the defendant intends to call at trial when the results or reports related to his testimony.

Compliance with this Order shall be accomplished on or before **October 17, 2011**.

0|15