AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
## for the

**WESTERN**    District of    **KENTUCKY**

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   **5:11CR-39-R** |
| **ANTONIO DETREX WARE  - 01** ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of  ☐ a federal offense     a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

an offense for which a maximum prison term of ten years or more is prescribed in _____

_____.*

a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

**X** (1)  There is probable cause to believe that the defendant has committed an offense

**X** for which a maximum prison term of ten years or more is prescribed in  21 U.S.C. § 841& 846  .

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
## for the

**WESTERN**      District of      **KENTUCKY**

      ☐   under 18 U.S.C. § 924(c).

☐ (2)      The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

☐ (1)      There is a serious risk that the defendant will not appear.

X (2)      There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   **X**   clear and

convincing evidence     ☐ a preponderance of the evidence that

The weight of the evidence is substantial. One or more of the transactions involving controlled substances with which the defendant is charged was surveilled by law enforcement officers and recorded by audio and/or video recordings. All such transactions are alleged to have taken place while the defendant was on supervised probation imposed by the Christian Circuit Court, Hopkinsville, Kentucky, on or about August 29, 2008, as a result of the defendant's felony conviction after his guilty plea to the offense of Tampering with Physical Evidence. The mother of the defendant's children, Carleshia Dillard, testified that she has lived with the defendant during the time that the offenses charged herein allegedly occurred and testified that the defendant "excluded" her and the children from his activities. Although she offered to act as a third-party custodian, the court finds that she was unlikely to be able to exercise sufficient control and influence over the defendant to be effective. The defendant's mother, Sherrie Caldwell, advised pretrial services that she would assume the duties of third-party custodian. Because she is a convicted felon, she would be an unacceptable custodian. According to the pretrial services report, a warrant, which was later recalled, was issued for the defendant as the result of a failure to appear in Christian Cicuit Court. When asked by the court, the defendant offered no explanation. Congress has recognized that trafficking in controlled substances constitutes a danger to persons and the community.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:     October 3, 2011

                                         *Judge's Signature*

                              W. DAVID KING, magistrate judge

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

**WESTERN**      District of      **KENTUCKY**

*Name and Title*

| 0|20 |